UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN PAUL KOZOL,

    Petitioner,

v.

ALICE PAYNE,

    Respondent.

NO. C06-1074-MJP

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING HABEAS PETITION

    This matter comes before the Court on Petitioner's objections to Magistrate Judge Benton's Report and Recommendation in which she recommended that Petitioner's habeas corpus petition be denied and dismissed with prejudice. Mr. Kozol has objected to the Report and Recommendation. Having considered the objections, the Report and Recommendation, and the record herein, the Court ADOPTS the Report and Recommendation, DENIES Petitioner's habeas corpus petition, and DISMISSES this case with prejudice..

**Background**

    Petitioner Steven Kozol is a state prisoner who is currently incarcerated at the McNeil Island Corrections Center in Steilacoom, Washington. He seeks relief under 28 U.S.C. § 2254 from his King County Superior Court convictions on charges of attempted murder in the first degree and burglary in the first degree. Because Magistrate Judge Benton accurately recited the facts and procedural history of this case, the Court will not repeat them here.

    As explained by Magistrate Judge Benton, Petitioner identifies seven grounds for relief in his habeas petition:

**ORDER - 1**

1  GROUND ONE: Fabrication of physical evidence by police violated Kozol's right to a fair trial and due
2  process.
3  GROUND TWO: Kozol was denied his right to due process when the state knowingly used false
4  testimony and evidence against him.
5  GROUND THREE: Kozol was denied effective assistance of counsel when counsel failed to identify or
6  challenge the State's false testimony and evidence.
7  GROUND FOUR: Kozol's rights to due process were violated by the State's failure to disclose
8  exculpatory evidence.
9  GROUND FIVE: Kozol argues that even if any one of the above violations of his rights don't warrant
10 relief, the cumulative effect of them all is so prejudicial as to require reversal.
11 GROUND SIX: Kozol was denied his right to a fair trial by an impartial jury.
12 GROUND SEVEN: Defense counsel was ineffective in failing to seek to excuse biased jurors.
13 (Dkt. No. 1 at 6, 7, 9, 11, 17, 18, and 19.)
14     On May 4, 2007, Magistrate Judge Benton recommended that petitioner's federal habeas petition
15 be denied and that the petition be dismissed with prejudice. (Dkt. No. 18 at 25.)

**Discussion**

17     Magistrate Judge Benton concluded that (1) Petitioner did not properly present his first claim
18 to the state courts, (2) Petitioner failed to properly exhaust his first, fourth, and fifth grounds for
19 habeas corpus relief, and that these claims are now procedurally barred, and (3) Petitioner's remaining
20 claims fail on the merits. Petitioner challenges all of these conclusions in his objections to the Report
21 and Recommendation.

ORDER - 2

## I. PETITIONER DID NOT PROPERLY EXHAUST HIS FIRST, FOURTH, AND FIFTH GROUNDS FOR RELIEF TO THE STATE COURTS

### A. Petitioner did not properly exhaust his first ground for relief because he did not "properly present" it to the state courts

#### 1. Petitioner did not properly present his claim on direct appeal

Magistrate Judge Benton concluded that Petitioner did not properly present his first claim on direct appeal to the Washington Court of Appeals. (Dkt. No. 18 at 8-10.) Petitioner concedes that the claim on direct appeal was primarily a Fourth Amendment claim, and not a due process claim, but argues that "both the state and federal courts are being asked the same question: to determine in a constitutional context if the police violated Mr. Kozol's rights by physically fabricating evidence." (Dkt. No. 15 at 8.) He emphasizes that the "operative facts" in the two claims are the same. (Id.) But a Petitioner is required to bring the precise constitutional claim inherent in the facts to the state court's attention. See Picard v. Connor, 404 U.S. 270, 276 (1971). Because the constitutional claims presented to the Court of Appeals is different than the claim here, Petitioner did not properly present his first claim to the state court. See Baldwin v. Reese, 541 U.S. 27, 30-31 (2004). In addition, the record does not show that Petitioner presented the due process claim to the Washington Supreme Court on direct appeal. (Dkt. No. 11, Ex. 6 at 1-2.)

#### 2. Petitioner did not properly present his claim on collateral review

Magistrate Judge Benton concluded that Petitioner did not exhaust his first claim on collateral appeal. A petitioner must use available state court collateral review procedures for issues not raised on direct appeal. See e.g., Acosta-Huerta v. Estelle, 7 F.3d 139, 141 (9th Cir. 1992)(citing Wade v. Mayo, 334 U.S. 672, 677-78 (1948)). Petitioner argues that he raised the first ground in his personal restraint petition ("PRP"). He points to the fact that the PRP briefs mention the following "key words": "due process," "false evidence falling under the Fourteenth Amendment," and "the falsification of evidence creates a violation of petitioner's rights to due process." (Dkt. No. 19 at 3.) He also argues that even though his first claim lies within another related claim in the PRP, federal

ORDER - 3

habeas review of the fabrication claim is not barred because he fairly presented the state courts with the "substance" of this claim. (Id.)

Petitioner did not present the specific federal claim to the state courts on collateral review. For purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 163 (1996). The Gray Court held that it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. Id.  Petitioner's due process claim in his PRP briefs is not the same as the due process claim on which he bases his first ground for habeas relief. (See Dkt. No. 11, Ex. 8 at 8-12, 15-16; Ex. 10 at 27-29.)

Because he did not fairly present the "substance" of the due process claim to the state courts on direct appeal or collateral appeal, Petitioner did not exhaust his first ground for relief. See Anderson v. Harless, 459 U.S. 4, 6-7 (1982).

### B. Petitioner is not entitled to an exception for his failure to meet the exhaustion requirement on his fourth and fifth grounds for habeas relief

Petitioner concedes that his fourth and fifth grounds for habeas corpus relief do not meet the exhaustion requirement and that he has procedurally defaulted on these claims, but argues that the Court should excuse his failure to meet such requirement. Where a Petitioner has procedurally defaulted, federal habeas review of the claims is barred unless the prisoner can demonstrate 1) cause for default and actual prejudice as a result of the alleged violation of federal law, or 2) that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Magistrate Judge Benton concluded that Petitioner has not met the burden of demonstrating cause for his procedural default. (Dkt. No. 18 at 13.) The Court agrees with Magistrate Judge Benton that Mr. Kozol has not shown "cause" for his default.

**ORDER - 4**

1    The Court also agrees that Petitioner has not made a showing of actual innocence. A claim of

2  actual innocence must be based on reliable evidence not presented at trial; "given the rarity of such

3  evidence, in virtually every case, the allegation of actual innocence has been summarily rejected."

4  Calderon v. Thompson, 523 U.S. 538, 560-561 (1998). To prevail, Petitioner must present evidence

5  showing, more likely than not, that he is in fact innocent of the crime. See e.g., Carriger v. Stewart,

6  132 F.3d 463, 478-79 (9th Cir. 1997) (en banc) (actual innocence shown by sworn confession of third

7  person accurately describing details of crime).

8    To establish his purported innocence of the crime, in his objections, Petitioner points to

9  evidence in the discovery records that the state withheld from his counsel until February 4, 2005. That

10  evidence includes evidence that another suspect, Doniego, had a strong motive to attack the victim,

11  (Dkt. No. 1, Supporting Brief at 63-70) a police report that states that the victim's description of the

12  attacker does not comport with Petitioner's description, (Id. at 72-73) and testimony from the victim's

13  housekeeper that the door to the house did not lock. (Id. at 71.)

14    The new evidence that Petitioner points to does not establish a fundamental miscarriage of

15  justice. Some of his new evidence is impeachment evidence, which "provides no basis for finding a

16  miscarriage of justice." Calderon, 523 U.S. at 560. Given all of the evidence presented by the

17  prosecution against him at trial, the new evidence does not meet the high standard to establish actual

18  innocence. For these reasons, the Court dismisses Petitioner's fourth and fifth grounds for habeas

19  relief.

20  **II.    PETITIONER CANNOT PREVAIL ON THE MERITS OF HIS SECOND, THIRD, SIXTH AND SEVENTH GROUNDS FOR HABEAS RELIEF**

21

22  **A.    Ground two**

Petitioner argues in his second ground for federal habeas relief that his due process rights were

23

24  violated when the state knowingly used false evidence and testimony against him. (Dkt. No. 1 at 7.)

He claims the following:

25

26  **ORDER - 5**

> The police gave false pre-trial testimony to get otherwise inadmissible evidence admitted. The state knowingly used the false testimony to get the "plain view" silencer testimony admitted and ... used false testimony throughout the trial. The police testimony was false because items were not where police claimed, and further police testimony and statements from prosecutors impeached pretrial police testimony.

(Id. at 7-8.)

Both the Washington Supreme Court and Magistrate Judge Benton rejected Petitioner's false evidence claim because Mr. Kozol failed to show that any false testimony affected the jury's judgment.

Petitioner argues that Magistrate Judge Benton applied an incorrect standard of review to the materiality of the alleged false evidence. Petitioner points to Brecht v. Abrahamson, 507 U.S. 619, 629-30 (1993), in which the Supreme Court held that constitutional errors that did not occur before the jury are "structural" errors and do not require a harmless-error analysis. (Id.) Because the state's initial use of false testimony and evidence occurred in the pretrial suppression hearing, before a jury was empaneled, Petitioner argues that the error is "structural" and requests automatic reversal. (Id.) "[M]ost constitutional errors can be harmless; only in rare cases is an error deemed 'structural error' that requires automatic reversal." Washington v. Recuenco, 126 S.Ct. 2546, 52 (2006). "[I]f the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other [constitutional] errors that may have occurred are subject to harmless-error analysis." Neder v. United States, 527 U.S. 1, 8 (1999). Arizona v. Fulminante, 499 U.S. 279, (1991), lists those structural defects in the constitution of the trial mechanism, which defy analysis by "harmless-error" standards including, unlawful exclusion of members of the defendant's race from a grand jury, the right to self-representation at trial, and the right to public trial. 499 U.S. at 310. Even though this list is not exhaustive, Petitioner has not pointed to any legal authority that establishes that the knowing use of false evidence in pretrial proceedings constitutes a defect that requires automatic reversal. The Court concludes that Petitioner's second claim does not implicate a "structural defect" and that Magistrate Judge Benton applied the proper standard of review to the materiality of the false evidence.

**ORDER - 6**

In light of the overwhelming evidence of guilt presented at trial, it is unlikely that the Detective's false testimony at a suppression hearing materially affected the jury's verdict. See Napue v. Illinois, 360 U.S. 264, 269 (1950) (requiring that false evidence be "material" to show prejudice).

**B.     Ground three**

Petitioner claims in his third ground for relief that he was denied his right to effective assistance of counsel because his trial counsel failed to identify or challenge the state's false testimony and evidence at the pretrial suppression hearing. He claims that had defense counsel conducted the same cross-examination that counsel conducted during trial, Det. Gulla would have been impeached, and the trial court would have granted the suppression motion regarding items allegedly found in "plain view" in Petitioner's garage. (Dkt. No. 1 at 9.)

Magistrate Judge Benton concluded that Petitioner failed to demonstrate any prejudice resulting from counsel's alleged deficient performance at the suppression hearings. (Dkt. No. 18 at 21.) As mentioned before, the silencer evidence is not the most compelling part of the state's case against Petitioner. The overwhelming weight of the evidence that is independent of the silencer evidence establishes that there is no reasonable probability that "but for counsel's error, the result of the proceedings would have been different." See Strickland v. Washington, 466 U.S. 688, 691-92.

In his objections, Petitioner argues that counsel's error was prejudicial because "defense counsel could have ... gotten additional evidence suppressed, under state 'fruit of the poisonous tree' grounds." (Dkt. No. 19 at 13.) This exclusionary rule claim was not presented on direct or collateral appeal to the state courts and was, therefore, not exhausted for purposes of habeas relief. See Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995). Accordingly, the Court does not consider Petitioner's "fruit of the poisonous tree" argument. Because Petitioner has failed to establish prejudice the Court dismisses Petitioner's third ground for habeas relief.

**ORDER - 7**

### C. Ground six

Petitioner argues in his sixth ground for relief that he was denied right to a fair trial by an impartial jury because three of the seated jurors allegedly had implied biases. He claims that the implied biases were created because those jurors were either victims of crimes similar to those for which Petitioner was on trial, or had family members who had committed such crimes. (Id.)

The Washington Court of Appeals and Washington Supreme Court held that the circumstances give rise to no implied bias under Washington law. (Dkt. No. 11, Ex. 9 at 5-6, Ex. 11 at 2.) Magistrate Judge Benton found that the conclusion of the state courts is not contrary to any clearly established federal law as determined by the Supreme Court because the Supreme Court has not identified any standard for evaluating claims of implied bias. (Dkt. No. 18 at 24.) In his objections, Petitioner cites to no Supreme Court authority in support of his claim. (Dkt. No. 19 at 20-21.) Because there is no "clearly established federal law" on this issue, the state courts' decisions were neither "contrary to, [n]or involved an unreasonable application of clearly established federal law." See 28 U.S.C. § 2254(d). Accordingly, the Court dismisses Petitioner's sixth ground for habeas relief.

### D. Ground Seven

Petitioner argues in his seventh ground for relief that his counsel rendered ineffective assistance when he failed to seek to excuse the allegedly biased jurors for cause. The three allegedly biased jurors were: (1) Juror Anderson, who was a victim of a burglary on his residential property and had a former son-in-law currently serving a prison sentence for homicide, (Dkt. No. 15 at 161-69) (2) Juror Dimico, who also had her house burglarized and, (Id. at 169) (3) Juror Gramm, who stated that her divorce from her husband stemmed from his stealing bank checks, forging checks, and stealing money from bank accounts. (Id. at 171.) Magistrate Judge Benton agreed with the state courts that "Petitioner did not demonstrate any prejudice as a result of counsel's failure to challenge the three jurors for cause, and that Petitioner had not presented any basis for a finding of either actual or implied bias." (Dkt. No.

**ORDER - 8**

18 at 24-25.) Accordingly, the Magistrate Judge recommended dismissal of Petitioner's seventh ground for federal habeas relief. (Id. at 25.)

Under the first prong of the Strickland test, the Supreme Court presumes that counsel's performance fell within the wide range of reasonably effective assistance. Strickland, 466 U.S. at 689. Petitioner's counsel conducted voir dire and successfully excluded six jurors. (Dkt. No. 11, Ex. 23 at 77-80.) Counsel may also have relied on the state's voir dire to determine jurors' biases. (See id. at 25-39 & 60-83.) Petitioner's counsel's non-exclusion of Jurors Anderson and Dimico was not below an objectively reasonable level of performance.

Under the second prong of the Strickland analysis, the Court finds that there is no "reasonable probability" that, but for counsel's error of not excusing Jurors Anderson, Dimico, and Gramm, the result of the proceedings would have been different. See Strickland, 466 U.S. at 691-92. The three jurors' individual experiences were not similar enough to the charges against Petitioner such that the Court can assume the jurors may have created a personal connection with and bias in favor of the victim.

Because Petitioner's counsel's non-exclusion of biased jurors does not satisfy the two-prong Strickland test, the Court dismisses Petitioner's seventh ground for habeas relief.

**ORDER - 9**

**Conclusion**

The Court ADOPTS Magistrate Judge Benton's Report and Recommendation and DENIES and DISMISSES with prejudice Petitioner's habeas corpus petition. Petitioner did not exhaust his first claim for habeas relief because he did not properly present the claim to the state courts. Petitioner is not entitled to an exception for his failure to meet the exhaustion requirement on his fourth or fifth grounds for habeas relief. Finally, Petitioner's remaining claims fail on the merits.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: September 7, 2007

                                                s/ Marsha J. Pechman
                                                Marsha J. Pechman
                                                United States District Judge

**ORDER - 10**