UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN PAUL KOZOL,<br><br>                      Petitioner,<br><br>v.<br><br>ALICE PAYNE,<br><br>                      Respondent. | No. C06-1074MJP<br><br>ORDER GRANTING MOTION FOR CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on Petitioner Kozol's motion for a certificate of appealability. (Dkt. No. 22.) Having considered the motion, and the record herein, the Court GRANTS Petitioner's motion.

**Background**

Petitioner is a state prisoner currently incarcerated at the McNeil Island Corrections Center in Steilacoom, Washington. He sought relief from this Court under 28 U.S.C. § 2254 from his King County Superior Court convictions on charges of attempted murder in the first degree and burglary in the first degree. On September 10, 2007, the Court adopted Magistrate Judge Benton's recommended that the Court deny the habeas petition and dismiss Mr. Kozol's case with prejudice. (Dkt. No. 21.) On October 23, the Court denied Petitioner's motion to alter or amend the judgment in this matter. (Dkt. No. 25.) Petitioner now requests that the Court issue a certificate of appealability.

ORDER - 1

**Discussion**

A habeas petitioner can appeal the denial of a 28 U.S.C. § 2254 petition only after obtaining a "certificate of appealability" from a federal circuit or district court. 28 U.S.C. § 2253(c); United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997). The statute provides that the Court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). As the Supreme Court has explained, this means that the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner must show that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. The Court's focus is "the debatability of the underlying constitutional claim, not the resolution of that debate." Miller-El v. Cockrell, 537 U.S. 322, 342 (2003). A claim is debatable "even though every jurist of reason might agree, after the [certificate] has been granted and the case received full consideration, that petitioner will not prevail." Id. at 338. The Court addresses each ground for relief separately.

**A.   Ground One —Fabrication of Physical Evidence**

Mr. Kozol argues that a certificate of appealability is warranted on his first ground relief for the same reasons stated in his prior briefing. The Court previously concluded that Mr. Kozol failed to preserve this ground for habeas review because he failed to present this due process issue to the state courts on direct or collateral review. The Court acknowledged that Mr. Kozol mentioned the words "due process," "false evidence falling under the Fourteenth Amendment," and "the falsification of evidence creates a violation of petitioner's rights to due process," in his state personal restraint petition ("PRP"), but concluded that the issue raised to the state courts was different than the issue being presented here. Because reasonable jurists could disagree about whether Mr. Kozol adequately raised the issue with the state courts, the motion for certificate of appealability on this ground is granted.

ORDER - 2

**B.      Ground Two — Use of False Testimony and Evidence**

In his second claim for relief, Mr. Kozol alleged that his due process rights were violated when the State knowingly presented false evidence at a suppression hearing. The Court concluded that this type of constitutional violation deserves harmless error review and that "[i]n light of the overwhelming evidence of guilt presented at trial, it is unlikely that the Detective's false testimony at a suppression hearing materially affected the jury's verdict." (Dkt. No. 21, Order at 7.) Nevertheless, as Mr. Kozol points out, the degree of prejudice stemming from a constitutional error is a matter on which reasonable jurists could disagree. Mr. Kozol may appeal the denial of his habeas petition on this ground.

**C.      Ground Three — Ineffective Assistance of Counsel**

In his third ground for relief, Petitioner Kozol alleged that he was denied his right to effective assistance of counsel when his trial counsel failed to identify or challenge the state's false testimony and evidence at the pretrial suppression hearing. The Court concluded that Petitioner had not shown that "but for counsel's error, the result of the proceedings would have been different," see Strickland v. Washington, 466 U.S. 688, 691-92 (1984), because the overwhelming weight of the evidence, aside from the allegedly tainted evidence, established Petitioner's guilt. (Order at 7.) Because reasonable jurists could disagree regarding the degree of prejudice stemming from counsel's failure to challenge the use of the false testimony, Mr. Kozol may appeal the Court's denial of habeas on this ground for relief.

**D.      Ground Four — Failure to Disclose Exculpatory Evidence — and Ground Five — Cumulative Effect**

In his fourth ground for relief, Mr. Kozol argued that his due process rights were violated by the State's failure to disclose exculpatory evidence. In his fifth ground for relief, Mr. Kozol argued that the cumulative effect of the errors was so prejudicial that it denied him due process. The Court dismissed these grounds because Petitioner had procedurally defaulted on these claims and had not demonstrated either a fundamental miscarriage of justice or cause for the default and prejudice

ORDER - 3

resulting from the alleged constitutional violation. Magistrate Judge Benton concluded (and this Court agreed) that although the record supports Petitioner's contention that he did not receive portions of the state court record relevant to his Brady claim until a short time before his state personal restraint petition was due, Petitioner could have amended his PRP before the time for doing so expired. (Dkt. No. 18, R&R at 13.) In his motion for certificate of appealability, Mr. Kozol argues that the Court incorrectly assumed that Mr. Kozol could have amended his PRP. Mr. Kozol argues that the approach suggested by the Court would have been a risky one because if the Washington courts had rejected Mr. Kozol's reliance on the exception for newly discovered evidence (and therefore found that the claim was untimely), the entire PRP would have been dismissed. See In re Personal Restraint of Stoudmire, 141 Wn.2d 342, 249 (2000). If the Washington courts dismissed the PRP, the PRP would not have tolled the federal statute of limitations and Mr. Kozol would have been barred from filing a habeas petition in federal court. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Because reasonable judges could debate whether Mr. Kozol had a viable option for exhausting his Brady claim in the state collateral review process, the motion for certificate of appealability on ground four is granted. Because ground five was dismissed for the same reasons as ground four, and because ground five rises and falls on the viability of the ground four Brady claim, Mr. Kozol may appeal that ground as well.

**E.    Ground Six — Juror Impartiality — and Ground Seven — Ineffective Assistance for Failing to Exclude Biased Jurors**

In his sixth ground for relief, Mr. Kozol argued that his right to an impartial jury was violated because three of the jurors had personal experiences that strongly implied bias against him. The Court rejected this ground for relief because Mr. Kozol had not presented a legal basis for finding actual or implied bias by the jurors. (Order at 8.) In his motion for certificate of appealability, Mr. Kozol argues that this Court applied too strict a standard when determining that Supreme Court case law did not provide a basis for this claim. Mr. Kozol points to Peters v. Kiff, in which the Supreme Court stated that "due process is denied by circumstances that create the likelihood or the appearance

of bias." 407 U.S. 493, 502 (1972).  Because reasonable jurists could disagree whether the governing legal principle in Peters should control here, and whether the state courts unreasonably applied that principle, the motion for certificate of appealability on ground six is granted.  Moreover, because reasonable judges could disagree about whether counsel's failure to exclude the three allegedly biased jurors prejudiced the outcome of the trial, Mr. Kozol may appeal the dismissal of his seventh ground for relief as well.

## Conclusion

The Court GRANTS Petitioner's motion for a certificate of appealability on all grounds.

The Clerk is directed to send copies of this order to all counsel of record.

Dated this 28th day of January, 2008.

Marsha J. Pechman
United States District Judge